**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSE MIKO V. TULALIAN,**

**Plaintiff,**

**v.** **CASE NO:**

**ORION MARINE CONSTRUCTION, INC.,**

**Defendant.**

_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSE MIKO V. TULALIAN, (hereinafter "Plaintiff" or "Mr. Tulalian"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, ORION MARINE CONSTRUCTION, INC. (hereinafter "Defendant," "Orion," or "Company") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on disability and age, and retaliation, in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 et seq., and the Florida Civil Rights Act of 1992, as amended, §

760.10 et seq. ("FCRA"). Plaintiff further seeks to recover damages for retaliation for pursuing workers' compensation benefits in violation of the Florida Workers' Compensation Retaliation Statute, Fla. Stat. § 440.205.

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and privileges of his employment because of his disability and age, and retaliated against him for requesting a reasonable accommodation and medical leave and for pursuing workers' compensation benefits following a workplace injury, in violation of his rights under the ADA, the ADEA, the FCRA, and Florida's Workers' Compensation Retaliation Statute.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) and the principles of pendent jurisdiction.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8. Plaintiff is JOSE MIKO V. TULALIAN, a fifty-two-year-old male, born July 29, 1974, who was fifty-one years old at the time of his

termination. Plaintiff sustained a work-related compression trauma injury to his cervical and lumbar spine that substantially limits one or more major life activities, including musculoskeletal function, lifting, bending, and working. Plaintiff resides in Seffner, Hillsborough County, Florida.

9. Plaintiff is a member of a class protected against discrimination and retaliation based on his disability and age under the ADA, the ADEA, and the FCRA, and is protected against retaliation under the Florida Workers' Compensation Retaliation Statute.

10. During the period from April 2, 2025, until October 8, 2025, Defendant employed Plaintiff as a diver.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12. At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA, the ADEA, the FCRA, and the Florida Workers' Compensation Retaliation Statute.

13. The Defendant, ORION MARINE CONSTRUCTION, INC., is a marine and civil engineering firm that provides marine construction, design, and specialty services, with a principal place of business located at 5600

Commerce Street, Tampa, Florida 33616.

14. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, and employed more than 1,000 employees.

15. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, the ADA, the ADEA, the FCRA, and the Florida Workers' Compensation Retaliation Statute.

16. Accordingly, Defendant is liable under the ADA, the ADEA, the FCRA, and the Florida Workers' Compensation Retaliation Statute for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18. On December 9, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination, age discrimination, and retaliation.

19. On June 19, 2026, the EEOC issued Plaintiff a Notice of Right to Sue in reference to his Charge of Discrimination (EEOC Charge No. 511-2026-00921) against Defendant, which Plaintiff received on June 20, 2026.

20. This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

21. More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is entitled to bring his FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22. All conditions precedent to bringing this action have been performed or have occurred.

**GENERAL ALLEGATIONS**

23. On or about April 2, 2025, Plaintiff began his employment with Defendant as a diver, performing underwater marine construction work, including rebar retrieval and placement, at job sites including the Port of Tampa in Hillsborough County, Florida.

24. Plaintiff ultimately reported to Jason Baldwin, Defendant's

Operations Manager of Dive Operations, and worked under onsite supervisors including Rob Pardoe.

25. Plaintiff was one of the oldest members of his dive crew.

26. Throughout his employment, Plaintiff performed his job duties and was in full communication with his supervisors regarding his whereabouts and his absences.

27. On or about June 28, 2025, a coworker, Daniel Humphries, became involved in a disagreement with Plaintiff, attacked Plaintiff, and shoved him off of a car trailer. Plaintiff landed on the ground and sustained injuries to his elbow, shoulders, hips, and wrists.

28. Daniel Humphries had displayed hostile and aggressive behavior toward coworkers on several occasions. Humphries was arrested for domestic violence and for impersonating a police officer. Despite this conduct, Defendant retained Humphries as an employee.

29. Defendant failed to provide a safe workplace environment for Plaintiff and his coworkers, including by retaining Humphries after his hostile and aggressive conduct became known.

30. Following the June 28, 2025 incident, Plaintiff was subjected to ongoing hostility, ridicule, and isolation by coworkers, including Rob

Pardoe, who yelled at Plaintiff, criticized him, called him names, and made fun of him.

31. Coworkers mocked Plaintiff's age and his abilities and made him feel incompetent.

32. Coworkers isolated Plaintiff, including on an occasion when the crew reported to work one hour early without notifying Plaintiff and then dismissed his inquiry about it.

33. On at least one occasion, coworkers turned off Plaintiff's air compressor while he was still underwater, restricting his air flow.

34. Coworkers also spread rumors and gossip about Plaintiff and undermined and dismissed his suggestions.

35. On or about September 12, 2025, while Plaintiff was retrieving fifteen-foot rebar from the bottom of the bay at the Port of Tampa, berth 218, Team Lead David Palmer, a close friend of Daniel Humphries, intentionally placed an obstruction, a wooden float, above Plaintiff's downline and egress point.

36. Plaintiff struck the wooden float, hitting his head and injuring his neck and back and reaggravating his shoulders.

37. As a result of the September 12, 2025 incident, Plaintiff

sustained a compression trauma injury and was diagnosed with a compression injury to his cervical and lumbar spine, which substantially limited his physical abilities.

38. Plaintiff immediately reported the September 12, 2025 incident and his injury to his supervisor, Jason Baldwin.

39. Over the following days and weeks, Plaintiff sought medical treatment for his injuries, including at a hospital emergency room in Brandon, Florida, at Florida Orthopedic, and with a chiropractor.

40. After receiving his diagnosis, Plaintiff promptly notified his supervisors, Rob Pardoe and Jason Baldwin, of his medical condition and the recovery time he needed.

41. Despite Plaintiff's notice to his supervisors that he was injured and unable to work, Defendant issued Plaintiff a no call, no show write up for poor attendance while Plaintiff was injured and seeking medical treatment, including an Employee Warning Notice dated on or about September 22, 2025.

42. Plaintiff refused to sign the write up because it was inaccurate and because he had remained in communication with Defendant regarding his condition and absences.

43. Plaintiff had never been written up and had not missed work until after he was injured and began seeking medical treatment.

44. Plaintiff requested approximately one month of medical leave so that he could recover from his work-related injury.

45. Instead of providing the requested leave or discussing any reasonable accommodation with Plaintiff, Defendant sent Plaintiff to its Human Resources department.

46. On October 8, 2025, Defendant, through Human Resources personnel Lisa Comis, informed Plaintiff that his employment was terminated for attendance. Plaintiff's last day of work was October 6, 2025.

47. Plaintiff's termination occurred only days after he reported his injury, disclosed his diagnosis, and requested medical leave.

48. Plaintiff asked whether he could resign rather than be terminated, and Defendant did not allow him to do so.

49. Defendant treated younger employees with comparable or more serious attendance or conduct issues more favorably than it treated Plaintiff. An employee referred to as "Jack" was injured during jiu-jitsu practice, was permitted to take several months off, and was allowed to return to work. Another employee, Austin Deckinga, was out of work for

several months to address a criminal matter involving possession of cocaine and was likewise permitted to return to work.

50. Younger employees with similar medical needs were given extended time off and were permitted to return to work without consequence, even when their leave was longer than the brief recovery time Plaintiff requested.

51. During his employment, Plaintiff complained to Jason Baldwin about unsafe workplace practices and the hostile work environment he was experiencing.

52. Plaintiff was told that an investigation would be conducted into his complaints. Upon information and belief, no investigation was actually completed.

53. At all times relevant herein, Plaintiff was a qualified individual with a disability who could perform the essential functions of his position as a diver, with or without reasonable accommodation.

54. Defendant's stated reason for Plaintiff's termination, poor attendance, was false and pretextual, as Plaintiff was not written up or disciplined for attendance until after he was injured and began seeking medical treatment for his work-related injury.

55. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered a decline in his health, lost wages, the repossession of his vehicle, homelessness, and other financial losses, as well as physical and mental anguish, a tarnished reputation, embarrassment, and loss of dignity.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**Disability Discrimination / Failure to Accommodate**
**42 U.S.C. §§ 12101-12213**

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

57. At all times material herein, Defendant employed Plaintiff and was an "employer" within the meaning of the ADA.

58. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA in that he had a physical impairment, a compression trauma injury to his cervical and lumbar spine, that substantially limited one or more major life activities, including musculoskeletal function, lifting, bending, and working, and he could perform the essential functions of his position with or without reasonable accommodation.

59. In the alternative, Defendant regarded Plaintiff as having such an impairment.

60. Defendant knew of Plaintiff's disability because Plaintiff reported his work-related injury to his supervisors, disclosed his diagnosis of a compression injury to his cervical and lumbar spine, sought medical treatment, and requested medical leave to recover.

61. Plaintiff requested a reasonable accommodation, including approximately one month of medical leave, for his disability.

62. Defendant failed to engage in the interactive process required under the ADA to determine whether a reasonable accommodation would enable Plaintiff to continue performing the essential functions of his job.

63. Instead of providing the requested leave or evaluating available accommodations, Defendant issued Plaintiff a write up for attendance while he was injured and seeking treatment, sent him to Human Resources, and terminated his employment on October 8, 2025.

64. Defendant discriminated against Plaintiff because of his disability by disciplining him for absences related to his disability, by failing to provide a reasonable accommodation, and by terminating his employment.

65. Defendant treated Plaintiff less favorably than employees outside his protected class, including employees who were permitted extended medical leave and allowed to return to work.

66. As a direct and proximate result of Defendant's discriminatory conduct and failure to accommodate, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, JOSE MIKO V. TULALIAN, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, ORION MARINE CONSTRUCTION, INC., and the following relief:

1. A declaration that Defendant violated the ADA by discriminating against Plaintiff because of his disability and failing to accommodate him;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by

law; and

6. Such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## Retaliation
## 42 U.S.C. §§ 12101-12213

67. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

68. At all times material herein, Defendant employed Plaintiff and was an "employer" within the meaning of the ADA.

69. Plaintiff engaged in protected activity under the ADA by disclosing his disability, requesting a reasonable accommodation and medical leave for his work-related injury, and complaining about his mistreatment in the workplace.

70. Defendant knew of Plaintiff's protected activity.

71. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including issuing him a write up for attendance while he was injured and seeking treatment, refusing to provide the requested leave or accommodation, and terminating his employment on October 8, 2025.

72. The adverse actions taken against Plaintiff were materially adverse in that they would dissuade a reasonable employee from requesting a reasonable accommodation or otherwise engaging in protected activity under the ADA.

73. There is a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions, as demonstrated by the close temporal proximity between Plaintiff's request for accommodation and disclosure of his disability and his termination only days later.

74. Defendant's conduct constituted unlawful retaliation against Plaintiff in violation of the ADA.

75. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, JOSE MIKO V. TULALIAN, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, ORION MARINE CONSTRUCTION, INC., and the following relief:

1. A declaration that Defendant violated the ADA by retaliating

against Plaintiff for engaging in protected activity;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

**<u>COUNT III</u>**
**VIOLATION OF THE**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**
**Age Discrimination**
**29 U.S.C. §§ 621-634**

76. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

77. At all times material herein, Defendant employed Plaintiff and was an "employer" within the meaning of the ADEA.

78. Plaintiff was a member of the protected class under the ADEA, which protects individuals who are forty (40) years of age or older from employment discrimination based on age.

79. Plaintiff was fifty-one years old at the time of his termination

and was one of the oldest members of his dive crew.

80. Plaintiff was qualified for his position as a diver and performed his job duties satisfactorily.

81. Defendant subjected Plaintiff to adverse employment actions, including discipline and termination.

82. Younger employees with comparable or more serious attendance or conduct issues were not terminated and were allowed to return to work, including employees who were permitted to take extended leaves of absence longer than the brief recovery time Plaintiff requested.

83. Plaintiff's coworkers mocked his age and abilities and made him feel incompetent.

84. But for Plaintiff's age, Plaintiff would not have been subjected to the adverse employment actions, including his termination.

85. Defendant's conduct constituted unlawful discrimination against Plaintiff on the basis of his age in violation of the ADEA.

86. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, JOSE MIKO V. TULALIAN, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, ORION MARINE CONSTRUCTION, INC., and the following relief:

1. A declaration that Defendant violated the ADEA by discriminating against Plaintiff because of his age;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Liquidated damages to the extent authorized by the ADEA and supported by the evidence;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

**COUNT IV**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Disability Discrimination**
**Fla. Stat. §§ 760.01-760.11**

87. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

88. At all times material herein, Defendant was an employer within the meaning of the FCRA.

89. At all times material herein, Plaintiff was a qualified individual with a disability or handicap within the meaning of the FCRA in that he had a physical impairment, a compression injury to his cervical and lumbar spine, that substantially limited one or more major life activities, and he could perform the essential functions of his position with or without reasonable accommodation.

90. Defendant knew of Plaintiff's disability because Plaintiff reported his work-related injury, disclosed his diagnosis, sought medical treatment, and requested medical leave.

91. Plaintiff requested a reasonable accommodation, including approximately one month of medical leave, for his disability.

92. Despite notice of Plaintiff's disability and accommodation need, Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process.

93. Instead, Defendant disciplined Plaintiff for absences related to his disability and terminated his employment.

94. Defendant took the foregoing actions against Plaintiff because

of his disability.

95. Defendant's conduct constituted unlawful disability discrimination in violation of the FCRA.

96. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, JOSE MIKO V. TULALIAN, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, ORION MARINE CONSTRUCTION, INC., and the following relief:

1. A declaration that Defendant violated the FCRA by discriminating against Plaintiff because of his disability;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law and within any applicable statutory limits;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by

law; and

6. Such other and further relief as the Court deems just and proper.

**COUNT V**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Age Discrimination**
**Fla. Stat. §§ 760.01-760.11**

97. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

98. At all times material herein, Defendant was an employer within the meaning of the FCRA.

99. Plaintiff was a member of a protected class based on his age and was fifty-one years old at the time of his termination.

100. Plaintiff was qualified for his position as a diver and performed his job duties satisfactorily.

101. Defendant subjected Plaintiff to adverse employment actions, including discipline and termination, because of his age.

102. Younger employees with comparable or more serious attendance or conduct issues were treated more favorably than Plaintiff and were permitted to take extended leaves and return to work.

103. Defendant's conduct constituted unlawful age discrimination

in violation of the FCRA.

104. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, JOSE MIKO V. TULALIAN, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, ORION MARINE CONSTRUCTION, INC., and the following relief:

1. A declaration that Defendant violated the FCRA by discriminating against Plaintiff because of his age;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law and within any applicable statutory limits;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

**COUNT VI**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**Retaliation**
**Fla. Stat. §§ 760.01-760.11**

105. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

106. At all times material herein, Defendant was an employer within the meaning of the FCRA.

107. Plaintiff engaged in statutorily protected activity by disclosing his disability, requesting a reasonable accommodation and medical leave, and complaining to management about unsafe workplace practices and the hostile work environment he was experiencing.

108. Defendant was aware of Plaintiff's protected activity.

109. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse actions, including issuing him a write up for attendance while he was injured, refusing to provide the requested leave or accommodation, and terminating his employment on October 8, 2025.

110. There is a causal connection between Plaintiff's protected activity and Defendant's materially adverse actions, as supported by the

close temporal proximity between Plaintiff's protected activity and his termination.

111. Defendant's actions and omissions would have dissuaded a reasonable employee from engaging in protected activity.

112. Defendant's conduct constituted unlawful retaliation against Plaintiff in violation of the FCRA.

113. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, JOSE MIKO V. TULALIAN, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, ORION MARINE CONSTRUCTION, INC., and the following relief:

1. A declaration that Defendant violated the FCRA by retaliating against Plaintiff for engaging in protected activity;

2. Back pay, front pay, lost benefits, and other equitable and monetary relief sufficient to make Plaintiff whole;

3. Compensatory damages as allowed by law and within any

applicable statutory limits;

4. Pre-judgment and post-judgment interest as allowed by law;

5. Reasonable attorneys' fees, costs, and expenses as allowed by law; and

6. Such other and further relief as the Court deems just and proper.

## COUNT VII
## RETALIATION IN VIOLATION OF THE FLORIDA WORKERS' COMPENSATION RETALIATION STATUTE
## Fla. Stat. § 440.205

114. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set forth herein.

115. At all times material herein, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer within the meaning of Chapter 440, Florida Statutes.

116. On or about June 28, 2025, and again on or about September 12, 2025, Plaintiff sustained injuries while performing his work duties for Defendant, including a compression injury to his cervical and lumbar spine.

117. Following his work-related injuries, Plaintiff reported the injuries to his supervisors, sought medical treatment, and requested approximately one month of medical leave to recover.

118. By reporting his work-related injuries and seeking medical treatment and leave to recover from those injuries, Plaintiff pursued and attempted to pursue valid claims for workers' compensation benefits.

119. Pursuing or attempting to pursue a claim for workers' compensation benefits is protected activity under Fla. Stat. § 440.205.

120. Defendant was aware that Plaintiff had sustained injuries at work and was pursuing or attempting to pursue workers' compensation benefits.

121. Defendant subjected Plaintiff to adverse employment actions, including issuing him a write up for attendance while he was injured and seeking treatment, and terminating his employment on October 8, 2025.

122. The temporal proximity between Plaintiff's work-related injuries, his reports of those injuries and requests for medical treatment and leave, and his termination shortly thereafter supports an inference that the adverse actions were motivated by Plaintiff's pursuit of workers' compensation benefits.

123. Prior to sustaining his work-related injuries and seeking medical treatment, Plaintiff had not been written up or disciplined for attendance.

124. Defendant's stated reason for Plaintiff's termination, poor attendance, was pretextual.

125. But for Plaintiff's pursuit of workers' compensation benefits, Plaintiff would not have been subjected to the adverse employment actions, including his termination.

126. Defendant's conduct constituted unlawful retaliation in violation of Fla. Stat. § 440.205.

127. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff, JOSE MIKO V. TULALIAN, demands trial by jury on all issues so triable as of right, and respectfully requests judgment against Defendant, ORION MARINE CONSTRUCTION, INC., and the following relief:

1. A declaration that Defendant violated section 440.205, Florida Statutes;

2. Back pay, lost benefits, and other make-whole relief;

3. Reinstatement or, in lieu thereof, front pay;

4. Compensatory damages recoverable under Florida law;

5. Pre-judgment and post-judgment interest as allowed by law;

6. Taxable costs as allowed by law; and

7. Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 28th day of August 2026.

*/s/ Jason W. Imler, Esq.*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com